UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| NINA M. BROCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-00183-TWP-DML |
| DENNY'S RESTAURANT, | ) ) ) |
| Defendant. | ) ) |

## ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISCUSSING ACTION, AND DIRECTING SERVICE

Plaintiff's "Request to Proceed in District Court Without Prepaying the Filing Fee" (Filing No. 2) is **GRANTED** pursuant to 28 U.S.C. § 1915. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS 106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton*

*v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In this civil action, *pro se* Plaintiff brings an employment discrimination claim based on age and disability under the Age Discrimination in Employment Act and the Americans with Disabilities Act as well as a claim for retaliation against Defendant Denny's Restaurant. At this time, the Court has not determined that the action must be dismissed pursuant to § 1915(e) and therefore **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 motion.

Because Plaintiff is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for Plaintiff. Accordingly, the Clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendant Denny's Restaurant in the manner specified by Rule 4(d). Process shall consist of the Complaint ([Filing No. 1](Filing No. 1)), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date: 9/19/2019

*Tanya Walton Pratt* (signature)

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Nina M. Brock
1305 K Street, Unit 431
Bedford, IN 47421

Denny's Restaurant
1035 James Avenue
Bedford, IN 47421